## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bethany Redinbo
Delphi, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Ell Reid,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 24, 2018

Court of Appeals Cause No.
20A03-1709-CR-2141

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No. 20D03-1605-F4-18

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Aaron Reid (Reid), appeals his conviction and sentence for child molesting, a Level 4 felony, Ind. Code § 35-42-4-3(b).

[2] We affirm.

# ISSUES

[3] Reid presents two issues on appeal, which we restate as follows:

(1) Whether the State presented sufficient evidence beyond a reasonable doubt to support Reid's conviction for child molesting; and

(2) Whether the Indiana Sex Offender Registration Act (INSORA) fails to provide Reid with a mechanism to remove his designation as a sex offender and an offender against children.

# FACTS AND PROCEDURAL HISTORY

[4] In February of 2016, Jovan Carson (Carson) housed Reid in her home in Elkhart County, Indiana. On the evening of February 5, 2016, Carson's eleven-year-old niece, J.G., spent the night at Carson's house. Reid was at work; when he arrived home, Carson went to bed leaving J.G. in the company of Reid. While J.G. was lying on the couch, Reid lifted J.G.'s shirt, touched J.G.'s "stomach a little and then he tried to get in [J.G.'s] bra;" however, J.G. turned away so that Reid could not continue to touch her. (Transcript Vol. II, p. 60). At some point, Reid went to the kitchen to retrieve a beer, and then he walked back to the couch and sat next to J.G. Reid asked J.G. if she wanted a

foot massage, and J.G. stated "no." (Tr. Vol. II, p. 62). Despite J.G.'s response, Reid proceeded to massage J.G.'s feet, but later J.G. pulled her feet away. Reid thereafter placed a rubber bracelet on J.G.'s wrist and then went to his room. J.G. fell asleep on the couch watching the television. Early the next day, J.G. disclosed to J.C. that Reid had touched her inappropriately the night before. J.C. contacted J.G.'s mother, who in turn, contacted the Elkhart County Police Department.

[5] On May 24, 2016, the State filed an Information, charging Reid with child molesting, a Level 4 felony. A two-day jury trial was conducted on April 7 through 8, 2017. At the close of the evidence, Reid was found guilty as charged. On August 17, 2017, the trial court conducted a sentencing hearing, and thereafter sentenced Reid to ten years in the Department of Correction with four years suspended to probation.

[6] Reid now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Sufficiency of the Evidence*

[7] Reid argues that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his Level 4 felony child molesting conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from

such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

[8] To convict Reid of Level 4 felony child molesting, the State was required to prove beyond a reasonable doubt that he was "[a] person who, with a child under fourteen (14) years of age, perform[ed] or submit[ted] to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person . . . . " I.C. § 35-42-4-3(b). Mere touching alone is insufficient to constitute the crime of child molesting. *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), *trans. denied*. The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id*. The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual consequence to which such conduct usually points. *Id*. Thus, in order to convict Reid of Level 4 felony child molesting, the State was required to prove not only that Reid performed or submitted to fondling or touching with J.G., a child under the age of fourteen, but also that he did so with the intent to arouse or satisfy the sexual desires of either himself or J.G.

[9] The State in the instant case relied on the testimony of J.G., who testified that Reid "just lifted up my shirt and then I felt him touch my stomach a little and then he tried to get in my bra." (Tr. Vol. II, p. 60). J.G. testified that when that happened, she turned away so that Reid could no longer touch her. Reid

claims that J.G.'s testimony is insufficient to support an inference that he intended to satisfy his sexual desires, and argues that there was nothing sexual about the touching. We disagree. In *Altes v. State*, 822 N.E.2d 1116, 1122 (Ind. Ct. App. 2005), *trans. denied*, we held that sufficient evidence existed to support an inference of intent to arouse or gratify sexual desire where the defendant rubbed the victim's upper body, first over her clothes, then under her shirt, touching her bare skin from her shoulders to the waist. Similarly, the jury in the case at hand could reasonably have inferred Reid's intent to arouse or gratify his or J.G.'s sexual desires by his act of lifting J.G.'s shirt and bra, in a bid to touch J.G.'s breasts. Accordingly, we find that the evidence is sufficient to support Reid's conviction of his Level 4 felony child molesting, and that Reid's contrary argument amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

## II. *SVP Designation and Registration Requirements*

[10] INSORA currently codified at Indiana Code chapter 11-8-8, defines a person who has committed one of a number of qualifying offenses, including Reid's child molesting conviction, as a sexually violent predator (SVP) by operation of the law if the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994. *See* I.C. § 11-8-8-5. Among many other requirements, a SVP is required to register with local law enforcement and have his or her photograph taken each year. I.C. § 11-8-8-7(b). This registration requirement is for life. I.C. § 11-8-8-19(b). Also, Reid's child

molesting conviction classifies him as an offender against children (OAC), and that designation prohibits him from residing within 1,000 feet of a school, youth program center or public park upon his release. *See* I.C.§ 35-42-4-11(a)(1).

[11] Reid claims that by operation of the law, he is now designated as a SVP and an OAC, and he continues to argue that for his lifetime, he is "required to register as a sex offender pursuant to" INSORA, and the act provides him "no opportunity to remove his name from the registry" or to register under less restrictive conditions. (Appellant's Br. p. 17).

[12] We recognize that the goal of INSORA is "to give the community notification necessary to protect its children from sex offenders." *Wallace v. State*, 905 N.E.2d, 379, 383 (Ind. 2009). But registration also undoubtedly "promote[s] community condemnation of the offender," and subjects "offenders to 'vigilante justice' which may include lost employment opportunities, housing discrimination, threats, and violence." *Wallace*, 905 N.E.2d at 380-82. Mindful of such onerous effects, the *Wallace* court highlighted a deficiency of INSORA as it then existed, observing:

> In this jurisdiction the Act makes information on all sex offenders available to the general public without restriction and without regard to whether the individual poses any particular future risk. Indeed[,] we think it significant for this excessiveness inquiry that the Act provides no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure. Offenders cannot shorten their registration or notification period, even on the clearest proof of rehabilitation.

*Id.* at 384. Following the *Wallace* case, the General Assembly responded by amending Indiana Code Section 11-8-8-22 (governing sex offender registration) to address a mechanism by which a SVP can petition the court for relief. Specifically, under Indiana Code section 11-8-8-22(c), a person may petition the trial court to remove their designation as a sex offender and removal of all information from the Sex Offender Registry or to seek less restrictive registration requirements.

[13] Here, we conclude that Reid's argument is not yet ripe for our review. *See Rene ex rel. Rene v. Reed*, 726 N.E.2d 808, 822 (Ind. Ct. App. 2000) (holding that ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than abstract possibilities). Reid is currently serving his ten-year sentence for his Level 4 felony child molesting offense. As noted, upon his release from incarceration to probation, he will be deemed a SVP and an OAC by operation of the law. Pursuant to Indiana Code section 11-8-8-22(c), Reid may at a later time petition the trial court for relief. Accordingly, Reid's argument on this issue fails.

## CONCLUSION

[14] In sum, we conclude that (1) the State presented sufficient evidence beyond a reasonable doubt to support Reid's conviction for child molesting; and (2) Reid's argument that INSORA does not provide him an opportunity to remove his designation as a SVP is unpersuasive since he may, at a later time, petition the trial court for relief pursuant to Indiana Code section 11-8-8-22.

[15] Affirmed.

[16] May, J. and Mathias, J. concur